IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.

ABIGAIL LEE KEMP,

Defendant.

CASE NO. 5:16-cr-26-RH
5:16-cr-30-RH
5:16-cr-31-RH

## STATEMENT OF FACTS FOR DEFENDANT'S SECOND GUILTY PLEA

In support of the Plea Agreement in this case, the United States would prove the following facts at trial beyond a reasonable doubt:

Between on or about April 28, 2015, and February 12, 2016, Co-Defendants Lewis Jones III ("Jones"), Larry Bernard Gilmore ("L. Gilmore"), and Michael Bernard Gilmore ("M. Gilmore") recruited Defendant Abigail Lee Kemp ("Kemp") to assist them in carrying out armed robberies of various jewelry stores throughout the Southeast United States. The four agreed to commit armed robberies of jewelry stores. During the timeframe of the conspiracy, Jones, M. Gilmore, and L. Gilmore trained Kemp on how to rob the jewelry stores and what items to steal. More specifically, Jones, M. Gilmore, and L. Gilmore instructed Kemp on the proper way to manipulate a handgun, how to act when in a store, how to secure the store employees with zip ties, and what code words to use when communicating with them

1

FILED IN OPEN COURT THIS
12/28/16
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA

during the robberies. Jones, M. Gilmore, and L. Gilmore provided the items Kemp needed to carry out the robberies, including her disguises and/or clothes, the zip ties, latex gloves, a firearm (on some occasions) and bags in which to place the stolen jewelry. Jones, M. Gilmore, and L. Gilmore were often, if not always, armed with firearms while traveling to and from the robberies and during the robberies.

**Woodstock, Georgia, Robbery:**

On or about April 28, 2015, Kemp, Jones, M. Gilmore, and L. Gilmore traveled from the Atlanta, Georgia area to Woodstock, Georgia, with the intent of robbing a jewelry store. Kemp, followed shortly by Jones, entered the Jared Vault Store #4210, located at 915 Ridgewalk Parkway, Suite 500, Woodstock, Georgia, and both walked around the store looking at various items. After some time, Jones displayed a loaded, black and silver handgun and had Kemp lay down on the floor of the store. Jones ordered the store employees to the back of the store, forced them to the floor of a restroom, and zip-tied their hands. Jones returned to the showcase area of the store and stole approximately $857,484.61 worth of jewelry from the display cases while Kemp acted as a "lookout." M. Gilmore and L. Gilmore remained in the vicinity outside of the store, acting as "lookouts."

Subsequent to the robbery, Jones, M. Gilmore, and L. Gilmore made multiple trips to the Miami, Florida area where they exchanged the stolen jewelry for cash. Kemp was eventually paid for her role in the robbery.

**Dawsonville, Georgia, Robbery:**

On or about August 5, 2015, Kemp, Jones, M. Gilmore, and L. Gilmore traveled from the Atlanta, Georgia area to Dawsonville, Georgia, with the intent of robbing a jewelry store. Kemp entered the Zales Outlet Store #2714, located at 800 GA-400 #960, Dawsonville, Georgia, and displayed a loaded, black and silver handgun. She ordered the store employees to the back of the store, forced them to kneel or lay face down, and zip-tied their hands. Kemp began stealing various items from the display cases but left when a customer entered the store. The items stolen by Kemp were valued at approximately $13,254. Jones, M. Gilmore, and L. Gilmore remained in the vicinity outside of the store, acting as "lookouts" for Kemp. Subsequent to the robbery, Kemp provided the stolen jewelry to her co-Defendants.

**Bluffton, South Carolina Robbery:**

On or about September 2, 2015, Kemp, Jones, M. Gilmore, and L. Gilmore traveled from the Atlanta, Georgia area to Bluffton, South Carolina, with the intent of robbing a jewelry store. Kemp entered Jared Vault Store #4091, located at 1414 Fording Island Road, Bluffton, South Carolina, displayed a loaded, black and silver

3

handgun, ordered the store employees to a back room in the store, forced them to lay or kneel face down, and zip-tied their hands. Kemp then stole approximately $927,438.99 worth of jewelry. Jones, M. Gilmore, and L. Gilmore remained in the vicinity outside of the store, acting as "lookouts" for Kemp. Subsequent to the robbery, Kemp provided the stolen jewelry to her co-Defendants. Kemp used a cellular telephone connected to an earpiece to communicate with her co-Defendants during the robbery.

Following the robbery, Jones, M. Gilmore, and L. Gilmore travelled to the Miami, Florida area where they exchanged the stolen jewelry for cash. Kemp was eventually paid for her role in the robbery.

**Mebane, North Carolina, Robbery:**

On or about January 4, 2016, Kemp, Jones, M. Gilmore, and L. Gilmore travelled from the Atlanta, Georgia area to Mebane, North Carolina, with the intent to rob a jewelry store. While en route to Mebane, the group stopped at a Walmart store where co-Defendant L. Gilmore purchased a ski band and gloves for Kemp to wear as a disguise during the planned robbery. Shortly after Jared Vault Store #4198 opened for the day, Kemp entered the store wearing the ski band and gloves, displayed a loaded, black handgun, ordered the employees into a back room, forced them to lay or kneel face down, and zip-tied their hands behind their backs. She then

stole approximately $938,601.80 worth of jewelry and fled in an unknown direction on foot. Subsequent to the robbery, Kemp provided the stolen jewelry to her co-Defendants.

Following the robbery, Jones, M. Gilmore, and L. Gilmore travelled to the Miami, Florida, area where they exchanged the stolen jewelry for cash.

During the aforementioned robberies, at least one of the victims suffered some degree of bodily injury as a result of the robberies. Furthermore, each of the robberies involved the brandishing and use of a loaded firearm, as well as an implied threat of death and bodily injury.

Each of the jewelry stores involved in the robberies set forth above are engaged in interstate commerce through their product suppliers, customer base, and banking transactions. Accordingly, the theft of merchandise from each jewelry store obstructed, delayed, or affected interstate commerce.

## NOTICE OF ELEMENTS

### Interference with Commerce by Threats or Violence (18 U.S.C. § 1951)

Pattern Jury Instruction No. 70.3

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt.

(1) the Defendant knowingly acquired someone else's personal property;

(2) the Defendant took the property against the victim's will, by using actual or threatened force, or violence, or causing the victim to fear harm, either immediately or in the future; and

(3) the Defendant's actions obstructed, delayed, or affected interstate commerce.

*[signature: Abigail Lee Kemp]*
ABIGAIL LEE KEMP
Defendant

12/23/16
Date

*[signature]*
MICHELLE DAFFIN
Assistant Federal Public Defender
Attorney for Defendant

12/23/16
Date

CHRISTOPHER P. CANOVA
United States Attorney

*[signature: Michael Frank]*
Michael Frank
Assistant United States Attorney
30 West Government Street
Panama City, FL 32401-2758
(850) 785-3495

Dec 26 2016
Date

6